IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONDA L. SHORT EVANS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-0917 |
| HOUSEHOLD FINANCIAL CORP. III, *et al.*, | * | |
| | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this fair debt collection action are two motions to dismiss, the first filed by Defendants Household Finance Corporation III and Beneficial Financial I Inc. (ECF No. 11), and the second filed by Defendants Caliber Home Loans, Inc., Volt 2012 NLP2 Group,[1] LSF8 Master Participation Trust, and US Bank Trust, N.A. (ECF No. 16). The matter is fully briefed and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration, the Court GRANTS Defendants' motions and dismisses the Complaint with prejudice.

**I.    Background**

Plaintiff Ronda L. Short Evans ("Evans"), proceeding *pro se*, brings this action seeking declaratory relief related to her alleged payment of a mortgage debt. Central to the action is the foreclosure on real property located at 503 Cretia Place, Upper Marlboro, Maryland (the "Property"). This is not Evans' first case related to the foreclosure on the Property. In a previous action before Judge Chasanow, Evans brought claims against three of the Defendants in this case for breach of contract, fraudulent misrepresentation, and violations of the Fair Debt

---

[1]    Evans' Complaint incorrectly styles Volt's name as Volt 2013 NLP2 Group.

1

Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"). *See Evans v. Beneficial Financial I, Inc.*, No. DKC-14-1994, 2015 WL 535718, at *1 (D. Md. Feb. 9, 2015). The basic facts surrounding the foreclosure remain the same. *See Evans*, 2015 WL 535718, at *1; *Short Evans v. Fisher Law Grp., PLLC*, No. DKC-14-1994, 2015 WL 8606422, at *1 (D. Md. Dec. 14, 2015).

In the previous action, Judge Chasanow found that Evans failed to state a claim for fraudulent misrepresentation, and that her breach of contract claim based on a "vapor money" theory was frivolous. *See Evans*, 2015 WL 53571, at *5–*6. Judge Chasanow also granted summary judgment in favor of the defendants on Evans' FDCPA claims, finding in relevant part that nothing in the defendants' communications with Evans was false, deceptive, or misleading. *See Short Evans*, 2015 WL 8606422, at *5.

Evans now brings suit against Defendants Household Finance Corporation III ("Household"), Beneficial Financial I Inc. ("Beneficial"), Caliber Home Loans, Inc. ("Caliber"), Volt 2012 NLP2 Group ("Volt"), LSF8 Master Participation Trust ("LSF8"), US Bank Trust, N.A. ("US Bank"), and BP Fisher Law Group, LLP ("Fisher").[2] Relevant to her claims in this case, Evans' Complaint alleges that in 2015 and 2016 Evans received additional notices of foreclosure, and that Evans received a payoff quote for her mortgage which she paid using "legal tender of the United States." ECF No. 2 at 5, ¶ 39. Evans also alleges that an Order to Docket Suit regarding the Property is "fraudulent" because it "impl[ies] Beneficial Financial I Inc. is a 'Secured Party' via succession of merger," ECF No. 2 at 4, ¶¶ 44–46, which Evans contends is not the case, *see* ECF No. 2 at ¶¶ 41, 45.

Evans seeks a declaration that: (1) she is a consumer under the FDCPA; (2) Defendants are debt collectors under the FDCPA; (3) the Order to Docket Suit is fraudulent; and (4) she

---

[2] It appears that Fisher was never properly served and no summons was issued as to Fisher, nor has Fisher entered an appearance. *See* ECF No. 1 at ¶¶ 4–6; ECF No. 3; ECF No. 9 ¶ 5. The time for service has passed. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m).

discharged her debt using "legal tender of the United States." ECF No. 2 at 24. For the reasons below, the Court dismisses this case with prejudice.

**II.     Standard of Review**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) must be granted when a complaint fails to include sufficient factual allegations to render the plaintiff's claims facially plausible, or to permit reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To assess a motion to dismiss, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the favor of the plaintiff. *Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court may consider materials attached to the Complaint when reviewing a Rule 12(b)(6) motion to dismiss. *Id.*

In assessing whether the plaintiff has stated a claim, the Court does not credit conclusory statements or legal conclusions even when couched as allegations of fact. *See Iqbal*, 556 U.S. at 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Where, as here, factual allegations in a complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016).

Because Evans is proceeding *pro se*, the Court must construe her Complaint liberally to allow for the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Liberal construction requires that if the Court can reasonably read the Complaint to state a valid claim, it must do so; however, the Court cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se

complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). The Court is not "required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Id.* (internal quotation marks omitted). Neither should the Court "conjure up questions never squarely presented . . . . Even in the case of *pro se* litigants, [district courts] cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Evans requests that the Court declare that: (1) Evans is a "consumer" under the FDCPA; (2) Defendants are "debt collectors" under the FDCPA; (3) Defendants "knowingly filed or caused to be filed" the Order to Docket Suit that Evans claims is fraudulent; and (4) Evans' "legal tender of the United States was lawful, thus discharging the debt to the amount of the tender." ECF No. 2 at 24. The Court construes Evans' claims as brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within [the district court's] jurisdiction" the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* "Declaratory judgment is available when there is a dispute creating a 'case or controversy' within the meaning of Article III of the United States Constitution and the Declaratory Judgment Act." *Hollis v. Lexington Ins. Co.*, 180 F. Supp. 3d 422, 428 (E.D. Va. 2016). "Declaratory relief may be appropriate where a dispute is (1) definite and concrete, *i.e.*, affecting the legal relations of parties with adverse interests; and (2) real and substantial, *i.e.*, amenable to specific, conclusive relief, as opposed to an advisory opinion based on a hypothetical state of facts." *Dyer*

*v. Md. Bd. of Ed.*, 187 F. Supp. 3d 599, 609 (D. Md. 2016) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

However, "[t]he Act does not impose a mandatory obligation upon the federal courts to make such declarations of rights. Rather, a district court's decision to entertain a claim for declaratory relief is discretionary." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 421 (4th Cir. 1998); *see Volvo Const. Equip. N.A., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 594 (4th Cir. 2004) ("If a district court possesses declaratory judgment jurisdiction, it may nonetheless, in the exercise of its discretion, decline to entertain the action."). "[A] district court may, in its discretion, refuse to issue a declaratory judgment" as a prudential matter after considering "(1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; or (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *White v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 913 F.2d 165, 168 (4th Cir. 1990) (internal quotation marks and citations omitted); *see Encompass Home & Auto Ins. Co. v. Harris*, 93 F. Supp. 3d 424, 431 (D. Md. 2015). Additionally, the district court should consider "whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable." *Aetna Cas. & Sur. Co.*, 139 F.3d at 422 (internal marks and citations omitted).

In keeping with the Court's duty to construe Evans' Complaint liberally, the Complaint plausibly makes out a case or controversy as required to exercise jurisdiction under the Declaratory Judgment Act. It is apparent from the Complaint that some or all of the Defendants seek to have Evans repay her debt as related to the Property and Evans disputes the validity of that debt. Therefore, Evans and Defendants are adverse parties.

5

Nevertheless, the Court denies Evans' requested relief as a prudential matter. The Court at the outset notes that this Complaint is the latest in a series of attempts to forestall the foreclosure on the Property by raising similar legal theories against similar parties. *See, e.g.*, ECF No. 2 ¶¶ 52, 57, 58. This action, therefore, is the very sort of "procedural fencing" which the Declaratory Judgment Act should not promote or facilitate. Additionally, each of the requested declarations are flawed and the issues they involve are not properly resolved by issuing declarative relief. Each is discussed more fully below.

### A. Declaration that Evans has Discharged her Debt

Evans' request that the Court declare that her "legal tender of the United States was lawful, thus discharging the debt" cannot succeed. Evans claims that she paid the debt with checks drawn on the U.S. Treasury and attaches to her Complaint copies of the checks. ECF Nos. 2-2 at 4; 2-4 at 4. These instruments bear no hallmarks of an authentic form of payment. First, the "checks" do not include any bank routing or account numbers necessary for transfer of funds. Ultimately fatal, however, is that the instruments purport to be drawn upon the Treasury of the United States, which is a legally impossibility because only the Secretary of the Treasury or those designated as disbursing officials by the Secretary may issue a Treasury check to pay certain government debts. *See* 31 U.S.C. §§ 3321(a), 3322(a), 3327(a). Based on these purported checks, the Court cannot declare Evans' debt to be discharged.

### B. Declaration of Evans' and Defendants' status under the FDCPA

The Court will not issue declarations that Evans is a consumer or that Defendants are debt collectors under the FDCPA. Such declaratory judgments neither serve a useful purpose in defining the *relevant* legal relationship between Evans and Defendants, nor would such

declarations terminate the uncertainty giving rise to this action.  Nothing in Evans' Complaint plausibly avers a substantive FDCPA violation.  Indeed, her communications with Defendants as reflected in the attachments to her Complaint appear appropriate in the normal course of debt collection and do not give rise to an FDCPA claim.  And none of the facts in Evans' Complaint, even broadly construed, suggests that Defendants improperly contacted her by phone, persisted in contacting her over objection, attempted to communicate with her at her place of employment, or threatened impermissible legal action.  *See* 15 U.S.C. §§ 1692c–j.  Thus, no useful purpose is served or uncertainty addressed by issuing the requested relief.

Moreover, Evans clearly is a consumer under the FDCPA because she is a natural person obligated or allegedly obligated to pay any debt.  15 U.S.C. § 1692a(3).  Put simply, this matter needs no clarification.  *Cf. Garcia v. Montgomery Cty.*, 145 F. Supp. 3d 492, 512 (D. Md. 2015) (finding a useful purpose served when clarifying the legal or illegal status of actions engaged in by defendants would aid in determining whether the plaintiff was entitled to injunctive relief in a bifurcated claim involving the same parties).  Therefore, the Court will not grant declaratory relief as to the status of Evans or Defendants under the FDCPA.

**C. Declaration that Defendants Knowingly Filed a Fraudulent Order to Docket Suit**

As written, the Court cannot conceive of why Evans would need a declaration that the Defendants caused a foreclosure action to be filed.  Broadly construed, Evans appears to be asking that the Court declare the Order to Docket Suit was *fraudulently* filed because Beneficial Financial I Inc. is not a "secured party."  *See* ECF No. 2 at 4.  However, the Court declines to entertain this request for relief because Evans has failed to aver any facts to show that Beneficial was not a secured party at the time the Order to Docket Suit was filed.  Although Evans alleges that the merger between Beneficial of Maryland and Beneficial Financial I is an "untruth,"

7

nothing in her Complaint or the attachments thereto supports her bald assertion. *See* ECF No. 2 ¶ 41. Evans further argues, evidently, that because she defaulted on her mortgage prior before the Beneficial entities' merger, this somehow means that Beneficial Financial I lacks the right to foreclose on the Property. *See* ECF No. 2 ¶¶ 42–45. This argument is without merit. Therefore, issuing a declaratory judgment would be an inappropriate use of this Court's authority, and Evans' request is denied.

### IV. Conclusion and Order

The Court finds no reason to believe any facts could be alleged by Evans that would entitle her to the relief she requests. Therefore, it is this 5th day of March, 2018, by the District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss filed by Defendants BENEFICIAL FINANCIAL I INC. and HOUSEHOLD FINANCE CORPORATION III (ECF No. 11) BE, and the same hereby IS, GRANTED;

2. The Motion to Dismiss filed by Defendants CALIBER HOME LOANS, INC., LSF8 MASTER PARTICIPATION TRUST, U.S. BANK TRUST, N.A., and VOLT 2012 NLP2 GROUP (ECF No. 16) BE, and the same hereby IS, GRANTED;

3. The Complaint filed by Plaintiff RONDA L. SHORT EVANS (ECF No. 2) BE, and the same hereby IS, DISMISSED WITH PREJUDICE;

4. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to Plaintiff and counsel for Defendants;

5. The Clerk is directed to CLOSE this case.

| 3/5/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |